# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

DONALD E. PHILLIPS,                        )
                                           )
                              Plaintiff,   )        Case No. 2:09-cv-00561-JCM-GWF
                                           )
vs.                                        )        **FINDINGS AND**
                                           )        **RECOMMENDATIONS**
JIM GIBBONS, *et al.*,                     )
                                           )        Motion to Proceed *In Forma Pauperis*
                              Defendants.  )        (Dkt. #1) and Motion for Copies (Dkt. #6)
_____  )

This matter is before the Court on Plaintiff's Application to Proceed *In Forma Pauperis* and Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 (Dkt. #1), filed on March 25, 2009, and Plaintiff's Motion to Receive Free Copy Work (Dkt. #6), filed May 5, 2009.  Pursuant to 28 U.S.C. § 1915, the Court finds that Plaintiff is unable to make the initial installment payment toward the filing fee of three hundred fifty dollars ($350.00).

## DISCUSSION

**I.      Prison Litigation Reform Act of 1995 - Fees**

Pursuant to the Prison Litigation Reform Act (PLRA) of 1995, the district court is required to assess a fee where a prisoner is granted leave to proceed *in forma pauperis* in a civil action, and the prison officials are required to collect and remit the money to the court.  *See* 28 U.S.C. § 1915(b)(1)-(2).  Pursuant to the IFP Motion Financial Certificate, a plaintiff must pay a filing fee of $350.00.  If the plaintiff does not have $350.00, the plaintiff will not be allowed to proceed with the action until the plaintiff pays the appropriate fees.  The plaintiff will be required to pay either 20% of the average monthly balance or 20% of the average monthly deposits, whichever is greater.  Furthermore, the plaintiff will be required to pay installments of 20% of the preceding month's deposits to the account in months that the account balance exceeds $10.00.

1

2          Plaintiff attached a Financial Certificate to his application.  After viewing the statement, the

3   Court finds that Plaintiff does not have $350.00 in his account to pay the filing fee; Plaintiff's current

4   account balance is $0.22.  The Court further finds that Plaintiff's average monthly balance is $0.22, and

5   Plaintiff's average monthly deposits are $6.67.  As a result, after reviewing Plaintiff's financial affidavit

6   pursuant to 28 U.S.C. § 1915, the Court finds that Plaintiff is unable to pre-pay the filing fee.

7   **II.      Screening the Complaint**

8          Federal courts must conduct a preliminary screening in any case in which a prisoner seeks

9   redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. §

10   1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are

11   frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from

12   a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A(b)(1),(2).

13          In addition to the screening requirements under § 1915A, pursuant to the PLRA, a federal court

14   must dismiss a prisoner's claims, "if the allegation of poverty is untrue," or if the action "is frivolous or

15   malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a

16   defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2).  Dismissal of a complaint for

17   failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil

18   Procedure 12(b)(6), and the Court applies the same standard under Section 1915(e)(2) when reviewing

19   the adequacy of a complaint or amended complaint.

20          Review under Fed. R. Civ. P. 12(b)(6) is essentially a ruling on a question of law.  *See Chappel*

21   *v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000).  Dismissal for failure to state a

22   claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim

23   that would entitle him or her to relief.  *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999).  In

24   making this determination, the Court takes as true all allegations of material fact stated in the

25   complaint, and the Court construes them in the light most favorable to the plaintiff.  *See Warshaw v.*

26   *Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996).  Allegations in a *pro se* complaint are held to less

27   stringent standards than formal pleadings drafted by lawyers.  *See Hughes v. Rowe*, 449 U.S. 5, 9

28   (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*).  While the standard under Rule

2

1  12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels

2  and conclusions. *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1964-1965 (2007).  A formulaic

3  recitation of the elements of a cause of action is insufficient. *Id., See Papasan v. Allain,* 478 U.S. 265,

4  286 (1986).

5  All or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the

6  prisoner's claims lack an arguable basis either in law or in fact.  This includes claims based on legal

7  conclusions that are untenable (*e.g.* claims against defendants who are immune from suit or claims of

8  infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual

9  allegations (*e.g.* fantastic or delusional scenarios).  *See Neitzke v. Williams*, 490 U.S. 319, 327-28

10  (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

11  **A.    Background**

12  Plaintiff claims that his civil rights were violated when he was convicted in a Nevada District

13  Court based on the allegedly false testimony of Steve Wynn of Wynn Resorts and he requests that the

14  Court order his release from prison or order the state of Nevada to conduct a new trial.  (Dkt. #1-3 at 3,

15  9).  He alleges that he is Steve Wynn's biological brother and that Mr. Wynn falsely testified at trial that

16  Plaintiff was not in fact related to him.  (*Id.* at 3).  The Complaint also states that the FBI is in

17  possession of DNA evidence that will demonstrate that Plaintiff and Mr. Wynn are biological brothers

18  and Plaintiff requests that the Court order the release of the DNA evidence.  (*Id.* at 9).

19  Additionally, Plaintiff alleges Mr. Wynn falsely testified that Plaintiff was attempting to extort

20  Mr. Wynn.  (*Id.*)  According to the Complaint, Plaintiff was not committing extortion, but was merely

21  arguing with Mr. Wynn out of the belief that Mr. Wynn cheated Plaintiff out of part of a $50 million

22  family inheritance.  (*Id.*)  Finally, Plaintiff alleges that he was convicted because the Nevada justice

23  system was corrupted by Mr. Wynn's influence and that all of the Clark County District Attorneys,

24  Public Defenders and the District Court Judge presiding over his trial were biased and sided with Mr.

25  Wynn.  (*Id.*)

26  Based on the factual allegations above, Plaintiff filed a Civil Rights Complaint pursuant to 42

27  U.S.C. § 1983.  The Complaint states the following § 1983 claims: 1) Nevada Governor Jim Gibbons

28  violated Plaintiff's Fourteenth Amendment right to due process as the governor has not involved

3

1  himself in Plaintiff's case; 2) former Assistant District Attorney Abbi Silver violated Plaintiff's

2  Fourteenth Amendment right to due process and equal protection resulting from her alleged

3  involvement in a conspiracy to suppress evidence that Plaintiff is Steve Wynn's brother, 3) Public

4  Defender Ralph E. Baker and assistants from the Public Defender's office violated Plaintiff's Sixth

5  Amendment right to counsel through ineffective assistance of counsel; 4) all Defendants violated

6  Plaintiff's 8th Amendment right to be free from cruel and unusual punishment because Plaintiff has

7  been locked in protected custody in prison because he has been categorized as insane since none of the

8  defendants will admit that Plaintiff is Steve Wynn's biological brother; and 5) the Federal Bureau of

9  Investigation ("FBI") violated Plaintiff's 14th Amendment right to equal protection of the laws because

10 the FBI has refused to produce DNA evidence allegedly in their possession that will prove that Plaintiff

11 is Steve Wynn's biological brother.  As a result of the alleged violations, Plaintiff seeks his immediate

12 release from prison or a new trial and the release of FBI DNA evidence.

13 **B.    Habeas Petition**

14 The Complaint requests that the Court "order [his] immediate release" from prison or order a

15 new criminal trial for Plaintiff.  (Dkt. #1-3 at 11).  When a prisoner challenges the legality or duration

16 of his custody, or raises a constitutional challenge which could entitle him to an earlier release, his sole

17 federal remedy is a writ of habeas corpus.  *Preiser v. Rodriguez*, 411 U.S. 475 (1973)(noting that the

18 writ of habeas corpus traditionally "has been accepted as the specific instrument to obtain release from

19 [unlawful] confinement"); *Young v. Kenny*, 907 F.2d 874 (9th Cir. 1990), *cert. denied* 11 S.Ct. 1090

20 (1991).  The Supreme Court has concluded that a § 1983 action will not lie when a state prisoner

21 challenges "the fact or duration of his confinement," *Preiser*, 411 U.S. at 489, and seeks either

22 "immediate release from prison," or the "shortening" of his term of confinement, *Id.* at 482.

23 In cases where the language of a § 1983 complaint makes it unclear whether the prisoner

24 intended to bring a habeas petition, "the district court should not convert a defective section 1983 claim

25 into a habeas petition".  *Trimble v. City of Santa Rosa*, 49 F.3d 583 (9th Cir. 1995); *see also Castro v.

26 U.S.*, 540 U.S. 375, 381-83 (2003) (holding courts may not relabel a *pro se* litigant's motion into a

27 petition for habeas corpus without warning as doing so may make it "significantly more difficult for

28 that litigant to file another such motion"); *McCleskey v. Zant*, 499 U.S. 467 (1991) (noting that a

4

1   prisoner is very likely to have only one opportunity to bring an effective habeas petition and should

2   have a chance to adequately prepare the petition).

3           In this instance, Plaintiff's Complaint requests that the Court order his release from prison or

4   order the state of Nevada to conduct a new trial.[1]  In doing so, Plaintiff has erroneously labeled his

5   complaint as a civil rights complaint brought under § 1983.  The pleading would be more properly

6   considered a petition for a writ of habeas corpus.  *See Preiser*, 411 U.S. at 486.  In light of the Ninth

7   Circuit's ruling in *Trimble*, 49 F.3d 583, the Court will not covert the complaint into a habeas corpus

8   petition but will recommend the dismissal of Plaintiff's § 1983 Complaint.  To the extent that Plaintiff

9   is seeking immediate release from prison or a new trial, the Court would direct Plaintiff to file a petition

10  for a writ of habeas corpus.

11          In light of the Court's recommendation, Plaintiff's Motion to Receive Free Copy Work (Dkt.

12  #6) will be denied as moot, pending the District Judge's granting of the Court's recommendation of

13  dismissal.

14          The screening of Plaintiff's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 (Dkt. #1) has

15  been completed pursuant to 28 U.S.C. §1915A.  Accordingly,

16          **IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed *In Forma Pauperis* is

17  **GRANTED**.  Plaintiff shall not be required to pay an initial partial filing fee.  However, even if this

18  action is dismissed, the full filing fee must still be paid pursuant to 28 U.S.C. § 1915(b)(2).

19          **IT IS FURTHER ORDERED** that the movant herein is permitted to maintain this action to

20  conclusion without the necessity of prepayment of any additional fees or costs or the giving of security

21  therefor.  This Order granting leave to proceed *in forma pauperis* shall not extend to the issuance of

22  subpoenas at government expense.

23          **IT IS FURTHER ORDERED** that the Clerk of the Court shall file the Complaint.

24

25  _____

26          [1] To the extent that Plaintiff's Complaint also seeks the release of DNA evidence allegedly in the
    possession of the FBI through the filing of the civil rights complaint (Dkt. #1-3 at 9), the release of

27  evidence is requested in order to prove Plaintiff's innocense and the verity of his claim that he is Steve
    Wynn's biological brother.  As a result, Plaintiff's request should be considered as a component of his

28  petition that the Court release him from prison.

1     **IT IS FURTHER ORDERED** that Plaintiff's Motion to Receive Free Copy Work (Dkt. #6) is

2 **DENIED** as moot, pending the District Judge's granting of the Court's recommendation.

3 **RECOMMENDATION**

4     The Court recommends Plaintiff's § 1983 Complaint should be dismissed with prejudice.  This

5 recommendation is primarily based on Plaintiff's failure to state a claim upon which relief may be

6 granted.  Counts I-V of the Complaint seek Plaintiff's release from prison or the reversal of conviction.

7 As a result, the Court finds that Plaintiff's claims should be raised under a petition for a writ of habeas

8 corpus.   Therefore, the Complaint should be dismissed and Plaintiff's request for relief should be

9 brought before the Court as a petition for habeas corpus.  *See McCleskey*, 499 U.S. 467; *Trimble*, 49

10 F.3d 583.  Accordingly,

11     **IT IS HEREBY RECOMMENDED** that Plaintiff's Complaint should be **DISMISSED with**

12 **prejudice**.

13 **NOTICE**

14     Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in

15 writing and filed with the Clerk of the Court within ten (10) days.  The Supreme Court has held that the

16 courts of appeal may determine that an appeal has been waived due to the failure to file objections

17 within the specified time.  *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  This circuit has also held that (1)

18 failure to file objections within the specified time and (2) failure to properly address and brief the

19 objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues

20 from the order of the District Court.  *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi*

21 *Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

22     DATED this 18th day of May, 2009.

23

24                               *George Foley Jr.*

25                          **GEORGE FOLEY, JR.**
                         **UNITED STATES MAGISTRATE JUDGE**

26

27

28

6